By the Court.—Sedgwick, Ch. J.
The counsel for appellant in this case seems to me, to make in, his able argument, an error of calculation, which perhaps may" be deemed to be of decisive importance. It occurs in the statement of the property owned by the debtor at the time of the assignment by him, and which is claimed to have been fraudulent. The judge below had found on competent testimony that the debtor had an interest in stocks in the shape of a margin of the cash value of $26,612. A few days before he assigned the property in controversy to his son, the present plaintiff had begun against the debtor an action to recover about $73,000, principal and interest. This is assumed to have been due by him at the time of transfer. The proof shows that the action made the claim. In it, besides a denial by defendant of any indebtedness to plaintiff, he interposed a counter-claim upon contract for $50,000. The plaintiff recovered only $18,000. Therefore, in estimating his, defendant’s, means at the time of the transfer, it would not be correct to charge him more than the latter amount, instead of $73,000. On the proof then he was not insolvent, and so the judge found.
As to whether he was to be charged with fraud in fact, for parting with the property, with the intent to deprive the plaintiff of its benefit, when he knew he was *397 about to engage in a speculative, hazardous business, ■which, in fact, did absorb the property he owned after the assignment, it was a question of fact to be submitted to the court below, in the light of all the circumstances of the case. The defendant had a right to show to the court that the transfer was not induced by the action brought by the plaintiff a few days before, by proving that the transfer had been meditated before the action was brought, and was the result of a determination made before. If the court was satisfied that the latter condition existed, it might consider it with other facts that the plaintiff could claim were proved, like the following : The plaintiff’s claims were of long standing, none being later than June, 1877. The defendant rightfully _ denied that the amount claimed was due, either because that amount had never been due, or because of his counterclaim for services. There was nothing to require the court to find that the defendant believed the plaintiff would recover against him, and for such a reason, or for any other reason, disclosed by the evidence, intended that the property assigned should be in the hands of his son, at a time when the speculations might leave him without property to satisfy such claim as it might turn out the plaintiff had.
The case would not justify a reversal of the judge’s findings of fact.
Judgment affirmed, with costs.
Van Vorst and Freedman, JJ., concurred.